## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Kevin Ballance,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:13cv239 (JCC/TRJ)** |
| | ) | |
| **Harold Clarke, <u>et al.</u>,** | ) | |
| **Defendants.** | ) | |

<u>MEMORANDUM OPINION</u>

Kevin Ballance, a Virginia inmate proceeding <u>pro se</u>, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging that defendants violated his First Amendment right to freedom of speech and his Fourteenth Amendment right to Due Process.  By Order dated June 25, 2013, plaintiff's Due Process claim against defendants Harold Clarke, Bob McDonnell, and Ken Cuccinelli regarding the mandatory interest free savings account was dismissed pursuant to 28 U.S.C. § 1915A(b)(1); defendants Harold Clarke, Bob McDonnell, and Ken Cuccinelli were, likewise, dismissed. Defendant Ponton was also dismissed, as plaintiff named him as a defendant based upon his supervisory role but failed to allege facts establishing Ponton had actual or constructive knowledge that subordinates were engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to plaintiff.

On September 23, 2013, the remaining defendants, Ward and Goode, submitted a joint Motion for Summary Judgment.  Plaintiff was provided with the notice required by Local Rule 7(k) and <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). Dkt. no. 27. After being granted an extension of time to reply, plaintiff filed a reply. Dkt. nos. 36-38. Though he labels his reply "Motion for Summary Judgment," his documents all respond to the arguments defendants' present in their

Motion for Summary Judgment.[1] As such, his submissions are properly seen as a reply. Accordingly, this matter is now ripe for disposition. After careful consideration of all of the foregoing submissions, defendants' Motions for Summary Judgment will be granted, and summary final judgment will be entered in defendants' favor.

## I. Factual Background

Publications arriving at VDOC facilities for receipt and possession by inmates is regulated by Division Operating Procedure ("OP 803.2"). Personal property personnel may perform an initial screening of incoming publications for compliance with OP 803.2, but they may not approve or disapprove offender possession of a publication. That decision is made by the Facility Unit Head on a cases-by-case or issue-by-issue basis. The Publication Review Committee ("PRC") reviews all items that were disapproved by the Facility Unit Head and makes the final decision as to whether an inmate may take possession of the publication. Both defendants Goode and Ward are personal property officers at Nottoway Correctional Center ("Nottoway").

On or about August 21, 2012, Nottoway received a book entitled Spirit of the Huaorani: Lost Tribes of the Yasuni. Handwritten compl. 5; Mem. Supp. Summ. J. ¶ 8. The Spirit of the Huaorani was not on a list of disapproved publications so the book was sent to Warden Ponton for review. Goode Aff. ¶ 4. After Warden Ponton disapproved Spirit of the Huaorani for possession by plaintiff, personal property staff sent the book to the PRC for a final decision. Id. The PRC disapproved Spirit of Huaorani for possession by plaintiff and returned it to Nottoway. Goode Aff. ¶ 5.

Defendant Goode did not make the decision to approve or disapprove the book for possession by plaintiff. Id. Rather, he met with plaintiff on January 11, 2013, and informed plaintiff that the PRC

---

[1] While plaintiff submitted seven affidavits in support of his "motion for summary judgment," they are all his own affidavits. The non-moving party may not defeat a properly-supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Even where the non-moving party in such a situation is a pro se prisoner entitled to liberal construction of his pleadings, a "declaration under oath ... is not enough to defeat a motion for summary judgment. He has to provide a basis for his statement. To hold otherwise would render motions for summary judgment a nullity." Campbell-El v. Dist. of Columbia, 874 F.Supp. 403, 406 - 07 (D.C. 1994). Additionally, not all of plaintiff's affidavits address the subject matter of his complaint. See Balance Aff. B; Balance Aff. G; docket no. 38.

disapproved the book because it had numerous pictures of nude children. Id. As such, plaintiff would not be provided the book. Id. After defendant Goode advised plaintiff that he had thirty days to dispose of the book, plaintiff signed the property disposition form and chose to mail it from Nottoway. Id. ¶ 5. Plaintiff, however, refused to provide an address for where the book should be sent and it remains at the property department at Nottoway. Thereafter plaintiff filed an informal complaint, then a grievance, and then appealed his grievance to the Ombudsman office. Compl. 6.

Defendant Ward does not recall screening the book and he did not make any decisions as to whether plaintiff should be allowed to have the book. Ward Aff. ¶ 4. Plaintiff contends, however, that when he says "property" he is referring to Ward and Goode and, thus, "when the word, property, personal property, or the word defendants appear in the complaint, that means that both Ward and Goode confronted plaintiff on that day." Balance Aff. C, ¶ 2.

## II. Standard of Review

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that judgment on the pleadings is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (moving party bears the burden of persuasion on all relevant issues). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once a moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden then shifts to the non-moving party to point out the specific facts which create disputed factual issues. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, a district court should consider the evidence in the light most favorable to the non-moving party and

draw all reasonable inferences from those facts in favor of that party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Those facts for which the moving party bears the burden of proving are facts which are material. "[T]he substantive law will identify which facts are material. Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

### III. Analysis

An inmate specifically retains those Constitutional rights afforded to him by the First Amendment. See Pell v. Procunier, 417 U.S. 817, 822 (1974); See also Ross v. Reed, 719 F.2d 689, 693 (4th Cir.1983). In the prison context, however, an inmate's First Amendment rights must often bow to other valid penological concerns. See Montcalm Publishing Corp. v. Beck, 80 F.3d 105, 107 (1996) (citing Procunier v. Martinez, 416 U.S. 396, 417–18 (1974), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401, 401 (1989)). Any regulation of speech, however, must not be any more encompassing than necessary to further the penological interested involved. See Montcalm Publishing Corp., 80 F.3d at 108 (citing Martinez, 416 U.S. at 424, 94 S.Ct. 1800). The Supreme Court held that when a prison restriction infringes upon an inmate's First Amendment rights, the alleged infringement "must be evaluated in the light of the central objective of prison administration, safeguarding institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The Supreme Court established that when a prison official withholds or censors mail, "minimum procedural safeguards" must exist to protect the inmate's Constitutional rights. See Martinez, 416 U.S. at 417. In Martinez, the prison restricted certain types of mail that an inmate may

receive. The Fourth Circuit, following the <u>Martinez</u> court, reaffirmed the requirements of notice of

confiscation, avenues for protest, and review of the alleged Constitutional violation by someone not

involved with the initial decision. <u>See</u> <u>Montcalm Publishing Corp.</u>, 80 F.3d at 108 (citing <u>Martinez</u>,

416 U.S. at 418–19, 94 S.Ct. 1800).

Here, plaintiff fails to show how either defendant Goode or Ward were responsible for the

harm plaintiff alleges, restricting his right to mail by denying him approval to have Spirit of

Huaorani. Indeed, plaintiff's complaint does not allege who is responsible for denying him the book.

While plaintiff argues that he used "prison talk" in his complaint and that when he said property he

meant Goode and Ward, the Court declines to adopt such an amorphous reading of plaintiff's

complaint.

Defendants evidence show that neither Goode nor Ward made the decision to deny plaintiff

possession of Spirit of Huaorani. Goode Aff. ¶¶ 4-5; Ward Aff. ¶ 4. Rather, VDOC procedures were

followed and after an initial screening showed the book contained questionable material, it was sent

to Warden Ponton, who recommended that the book be disapproved for possession by plaintiff.

Goode Aff. ¶ 4. This recommendation was accepted and the PRC ultimately disapproved Spirit of

Huaorani for possession by plaintiff. Goode Aff. ¶ 5.

Further, plaintiff admits that he was afforded all of the procedural safeguards required by

<u>Montcalm Publishing Corp.</u> Plaintiff received notice that a book arrived for him but that it was being

retained for further review on or around September 20, 2012. Compl. 6. Goode then told plaintiff that

he was not approved to have the book because it contained nude pictures of kids. This decision to

withhold the book from plaintiff, Kevin M. Ballance, because of the prevalence of child nudity is in

line with other cases that have addressed the same issue. <u>See</u> <u>Ballance v. Virginia</u>, 130 F. Supp 2d

754, 761 (W.D. Va. Sept. 27, 2000) (finding no First Amendment violation were institutional

authorities declined to allow plaintiff, a convicted pedophile, the right to have a book that contained

naked pictures of children); <u>Ballance v. S.K. Young, et al.</u>, 130 F. Supp. 2d 762, 769 (W.D. Va. Oct. 12, 200) (same). Further, plaintiff quickly took advantage of his rights and filed several grievances. As such, there is not a genuine issue of material fact in dispute and defendants will be granted summary judgment.

## IV. Motions

Also before the Court are plaintiff's Motion for a Protective Order, docket no. 43; Motion for a Show of Cause, docket no. 44; Request for Injunctive Relief/Change of Address, docket no. 45; Motion for a Court Order, docket no. 47; and Motion for Leave to File an Amendment to Complaint, docket no. 50. In plaintiff's Motion for a Protective Order, plaintiff states that VDOC is reclassifying Nottoway as a level 3 institution and are reclassifying all inmates to see who is eligible to remain at the facility and who will be transferred. He alleges that he has not received his annual classification and seeks "a show cause for their action." While it is unclear exactly what relief plaintiff seeks in this motion, it appears that he wants Nottoway to explain why he has not yet been classified. Plaintiff's motion will be denied, as moot, as it appears from plaintiff's notice of change of address, docket # 45, that plaintiff has had his classification review and was moved to a different institution.

In his Request for Injunctive Relief/Change of Address, plaintiff states that he has been moved to a new facility and he challenges his institution's decision to confiscate his property as contraband. Similarly, in his Motion for a Court order, plaintiff alleges that his new institution is retaliating against him for bringing his current law suit challenging defendants' retention of Spirit of the Huaorani. Neither motion challenges actions taken by the named defendants but instead challenges actions by non-parties. As such, plaintiff's allegations and the relief he seeks in both his "Request for Injunctive Relief/Change of Address" and "Motion for a Court order" are properly addressed in a separate civil action pursuant to 42 U.S.C. § 1983. As such, plaintiff's motions will be denied, without prejudice to bring his claims in an § 1983 suit.

In his Motion for Leave to Amend Complaint, plaintiff states that "as of December of 2013 there has been some major changes in the lawsuit and a new list of defendants which plaintiff would like to add as a supplemental claim for retaliation over the original complaint." As discussed above, these allegations are properly addressed in a separate civil action pursuant to 42 U.S.C. § 1983 and his Motion for Leave to Amend Complaint will be denied.

## V. Conclusion

For the above-stated reasons, defendants Goode and Ward's joint Motion for Summary Judgment will be granted. An appropriate order shall issue.

Entered this ___12th___ day of ___Feb___ 2014.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia